IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WARD, ) | CASE NO. 3:06 CV 903 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| ROB JEFFERYS, Warden, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

## Introduction

Before me[1] is the *pro se* petition of former[2] Ohio prisoner Christopher Ward for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] Ward, who served one year in prison after pleading guilty to three counts of trafficking in cocaine,[4] raises four grounds for relief in his federal habeas petition, which was filed nine days before his release from state custody:[5]

(1) the state appeals court failed to allow him a delayed appeal;

(2) his sentence violated *Blakely* and *Apprendi*;

---

[1] This matter was referred to me for a report and recommendation.  ECF # 8.

[2] Ward was released from the North Central Correctional Institute on April 19, 2005 at the conclusion of his term and is not now subject to supervised released.  ECF # 12, Ex. 1 (Affidavit of Mickie Rigsby, chief of bureau of sentence computation).

[3] ECF # 1.

[4] ECF # 12, Ex. 1.

[5] *See*, ECF # 14 at 5.

(3) his trial counsel was ineffective in not protecting his rights at sentencing or filing a timely appeal; and

(4) he was denied the state remedy described in *Foster v. Ohio* for the violations of his rights at sentencing.[6]

The State has responded, arguing that:

(1) ground one – the purported denial of a delayed appeal by an Ohio appeal court – is a non-cognizable state law claim;

(2) grounds two and three – *Blakely* and *Apprendi* issues in sentencing and an underlying ineffective assistance claim – are without merit because (a) Ward received sentences within the statutory guidelines, thus making *Apprendi* and *Blakely* inapplicable, and (b) Ward did not exhaust his argument that counsel failed to file a timely appeal; and

(3) ground four – contending that Ward was denied a state remedy for error in sentencing – is procedurally defaulted because it was never presented to Ohio courts as a federal constitutional claim and cannot now be so presented.[7]

Ward filed no traverse and thus the matter is ready for resolution. For the reasons that follow, I recommend that Ward's petition be dismissed in part and denied in part.

## Facts

**A. Plea and state appellate proceedings**

Ward was indicted on four counts of trafficking in cocaine with specifications.[8] Represented by counsel, Ward entered a plea of guilty to three amended counts of trafficking

---

[6] ECF # 1 at 6-10.

[7] ECF # 14 at 11-26.

[8] ECF # 14, Ex. 1.

-2-

in cocaine, signing a two-page plea agreement that outlined sentencing ranges applicable to Ward's case, reviewed the rights he was waiving by entering a plea, contained an admission that he actually committed the charged offenses, and specifically noted that he retained limited appellate rights.[9] That same day, the Henry County, Ohio Common Pleas Court accepted Ward's written plea.[10]

Approximately two months later, Ward was sentenced by that court to a one-year term in prison on one of the trafficking counts with the possibility of four years of post-release community control sanctions being imposed for the remaining two counts.[11] In addition, Ward was ordered to pay fines and restitution, had his driving privileges suspended for a year, and was required to complete a rehabilitation program upon release.[12]

Ward did not timely appeal from this sentence. However, he did, *pro se*, file a motion for leave to file a delayed direct appeal.[13] As the State here observes, Ward stated no specific assignments of error in this submission but, rather, in narrative form, essentially advanced three arguments:

1. The trial judge did not make the requisite findings of fact under Ohio law to justify imposing more than the statutory minimum.

---

[9] *Id.*, at Ex. 2.

[10] *Id.*, at Ex. 3.

[11] *Id.*, at Ex. 4.

[12] *Id.*

[13] *Id.*, at Ex. 5.

    2.       The sentence, as imposed, violated *Apprendi*[14] and *Blakely*[15] because the sentencing judge, not a jury, made factual findings when imposing the sentence.

    3.       Trial counsel was constitutionally ineffective for not objecting to these errors in the sentencing.[16]

Ward further stated that he did not file a timely appeal because his counsel "misled" him into thinking an appeal had been filed and that he did not learn of this deception until the time for filing had passed.[17] Ward argued that he was unable to act in a timely fashion because he was being moved from a prison intake center to his permanent location and so was unable to follow up with his counsel or have access to a law library.[18]

The Ohio appeals court denied Ward leave to file this delayed appeal, finding, in a single sentence, that he failed to demonstrate good cause for not filing a timely direct appeal.[19]

Ward, *pro se*, thereupon filed a timely appeal from this decision with the Supreme Court of Ohio.[20] In his jurisdictional memorandum, Ward advanced three propositions of law, restating the three arguments proposed in his denied delayed appeal:

---

[14] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[15] *Blakely v. Washington*, 542 U.S. 296 (2004).

[16] ECF # 14, Ex. 5 at 5-6.

[17] *Id.*, at 2-3.

[18] *Id.*

[19] ECF # 14, Ex. 6.

[20] ECF # 14, Ex. 7.

Proposition of Law No. 1 – A criminal defendant has the right to a delayed appeal under App. R. 5(A), when the defendant/appellant demonstrated that due to mistake or inadvertence that [sic] he could not perfect a timely appeal due to his introduction to the Ohio prison system, a system that did not allow him access to competent counsel, to the courts or a law library for over 120 days due to various transports between prisons before arriving at his permanent prison, a denial of appeal would result in a U.S. constitutional violation of the 1st and 14th Amendments, being the right to appeal and the right to due process, equal protection.

Proposition of Law No. 2 – A criminal defendant has the right to a delayed appeal under App. R. 5(A), the Ohio Constitution Art. IV, section 3 and 4 and the United States Constitution Amendment 1 and 14, when that defendant demonstrates that due to mistake or inadvertence that [sic] he could not perfect a timely appeal due to his introduction into the Ohio prison system after sentencing, a system that did not allow him access to meaningful funds for postage and copying due to his account being unstable by the prisons' intermittent transporting of the defendant from one jail to the prison and then to another prison, while not affording the defendant access to the courts, counsel or a law library.

Proposition of Law No. 3 – When violations occur of the appellant's rights under the Sixth and Fourteenth Amendments of the United States Constitution, which occurred during the appellant's sentencing, when [sic] the trial court used factors found by a preponderance of the evidence, but not charged in the indictment and/or proven beyond a reasonable doubt to a jury or admitted to by the appellant to sentence the appellant to punishments beyond that authorized by the appellant's guilty plea alone.

AND [Argument II]: Trial counsel was ineffective for not objecting to the sentences that the trial court imposed because the new ruling concerning *Blakely v. Washington* (2004), U.S. LEXIS 4573, 72 U.S.L.W. 4546, 17 Fla.L.Weekly Fed 5430, was handed down by the United States Supreme Court approximately one month before the defendant/appellant's sentence, professional standards demanded from counsel would dictate that counsel should have objected to the trial court's use of the preponderance of the evidence standard, when (as stated above) the defendant has the right to a jury determining factors beyond a reasonable doubt to enhance the defendant's sentence beyond that allowed by the defendant's plea alone.

AND [Argument III]: When violations occur of the defendant's rights under the Sixth and Fourteenth Amendments of the United States Constitution, which occur during the sentencing portion of the defendant's conviction, by the court's use of a preponderance of the evidence standard, thereby violating the defendant's right to a jury determining the findings of fact to increase the defendant's sentence concerning the consecutive/concurrent statute [sic] of those sentences, the defendant's case must be remanded and the trial court must impose concurrent sentences.[21]

The State filed a response,[22] and the Ohio Supreme Court then denied Ward leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[23] Ward did not file a petition for a writ of certiorari with the United States Supreme Court.[24] Moreover, Ward did not file any subsequent post-conviction motions.[25]

**B.    Federal habeas petition**

As noted earlier, Ward timely filed this *pro se* petition for federal habeas relief nine days before his release from custody at the expiration of his sentence. In it, Ward presents four grounds for relief:

> Ground No. 1: Failure of the Appellate Court of the Third District to allow a [sic] App. R. 5(A) delayed appeal.
>
> Supporting Facts: The Court erred in not allowing petitioner to file a delayed appeal as outlined in App. R. 5(A), which has no time bars and requires that appellant give reasons for delay.

---

[21] *Id.*, Ex. 8 at 6-7, 8-9, 11-12.

[22] *Id.*, Ex. 9.

[23] *Id.*, Ex. 10.

[24] ECF # 1 at 4.

[25] *Id.*

Ground No. 2: Violation of 6th Amendment rights at sentencing as outlined in *Apprendi* and *Blakely*. Counsel did not protect thus ineffective.

Supporting Facts: *Blakely* was decided prior to petitioner's sentencing and counsel should have protected petitioner's rights at that time. Thus petitioner's counsel was ineffective in protecting petitioner's rights under the 6th Amendment.

Ground No. 3: Ineffective assistance of counsel for not protecting rights at sentencing or filing an appeal.

Supporting Facts: *Blakely* was decided prior to the sentencing of petitioner. Counsel did not protect petitioner's rights as outline[d] in Blakely and the 6th Amendment of the Constitution. Trial counsel did not appeal the judgment of the court as petitioner wished.

Ground No. 4: The remedy of *Foster v. Ohio* left the petitioner with no relief for violating his rights at sentencing.

Supporting Facts: In *Foster v. Ohio*, the Ohio Supreme Court admits violations of his rights were indeed violated [sic]. The remedy proposed by the court violate[s] separation of powers. Court rewriting law over intent of the General Assembly's presumption of the minimum concept. Also ex post facto for since the petitioner's rights were violated petitioner can not get relief.[26]

The State responded, advancing the following four arguments for denying the writ:

Ground One – This ground is non-cognizable in a federal habeas proceeding because it alleges only a failure of state courts to comply with state law. Alternatively, Ward waived any federal claim which could be maintained on these facts because such a claim was not fairly presented to the state courts.[27]

Grounds Two and Three – These claims are without merit because neither *Apprendi* nor *Blakely* apply in this case, since they both deal with findings used to impose sentences in excess of the statutory maximum and not, as here, with sentences within the statutory guidelines. Accordingly, there also can be no ineffective assistance of counsel when counsel does not object to the imposition

---

[26] *Id.*, at 6-10.

[27] ECF # 14 at 11-15.

of sentences within the statutory guidelines. Alternatively, even if a *Blakely* violation occurred when the sentencing court relied on facts not found by a jury to impose a sentence within the statutory guidelines, under the teaching of the United States Supreme Court in *Washington v. Recuenco*,[28] such error is harmless.[29]

Ground Four – This ground, alleging the inadequacy of the remedy contained in the Ohio case of *Foster v. Ohio*, is procedurally defaulted and waived as having not been fairly presented to the Ohio courts as a federal constitutional violation.[30]

## Analysis

**A.  Although Ward is no longer incarcerated or subject to supervised release controls, this Court retains jurisdiction and his petition is not moot.**

While not advanced by the State as an impediment to consideration of this petition, the effect of Ward's release from custody nine days after filing for the writ must be addressed as a threshold issue.

Federal statutory law provides that a petitioner for habeas relief must be "in custody" when the petition is filed to vest the court with jurisdiction over that petition.[31]  If a petitioner is released from custody after filing for federal habeas relief, the district court does not lose jurisdiction inasmuch as the jurisdictional requirement was met at the time the petition was

---

[28] *Washington v. Recuenco*, 548 U.S. 212 (2006).

[29] ECF # 14 at 15-22.

[30] *Id.*, at 22-26.

[31] 28 U.S.C. § 2254(a).

-8-

filed.[32]  However, the release may render moot the issues raised in the petition unless the petitioner will suffer collateral consequences from his conviction that survive completion of the sentence.[33]

A petitioner's release from custody does not moot his federal habeas claims, and his petition continues to satisfy Article III's "case or controversy" requirement because "of the continuing collateral consequences to a wrongful criminal conviction."[34]

Consequently, because Ward filed his present petition while he was still in custody, thereby vesting jurisdiction with this Court, his subsequent release does not defeat that jurisdiction, nor render his claims moot, because he is still subject to the collateral consequences of his conviction.

---

[32] *Northrop v. Trippett*, 265 F.3d 372, 375 n.1 (6th Cir. 2001).

[33] *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968).

[34] *Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)).

**B.     Standards of review**

*1.     Non-cognizable claim/alleged state law violation*

Federal habeas relief is only available for persons in custody by reason of a violation of the United States Constitution or the laws and treaties of the United States.[35] Thus, to the extent that a petitioner's argument is framed as a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[36] As the Supreme Court has stated, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions."

In this regard, the Sixth Circuit has held that a federal habeas court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure."[37] Rather, "[f]ederal courts are obliged to accept as valid a state court's interpretation of state law and rules of practice of that state."[38]

*2.     Fair presentment/waiver*

To obtain relief for a conviction obtained in violation of the Constitution or the laws and treaties of the United States, a habeas petitioner must fairly present his claims as federal claims through one full round of the state's established review procedures.[39] The Sixth Circuit

---

[35] 28 U.S.C. § 2254(a).

[36] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[37] *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citation omitted).

[38] *Id.*

[39] *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

has identified four ways a petitioner may fairly present his claims as federal claims in the state court:

    (1)    reliance upon federal cases employing constitutional analysis;

    (2)    reliance upon state cases employing constitutional analysis;

    (3)    phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

    (4)    alleging facts well within the mainstream of constitutional law.[40]

Moreover, to fairly present a claim, a petitioner must present the same claim under the same theory to the federal court as to the state court.[41] In that regard, a petitioner must fairly present his claim to the state courts as a federal constitutional issue, not as an issue arising under state law.[42]

If a petitioner failed to fairly present his claim to the state courts as a federal constitutional issue and is now barred from returning to state court to properly present that claim, he has waived the claim for purposes of federal habeas review, absent a showing of cause and prejudice for his failure.[43] It is well-settled that a federal habeas court "will not

---

[40] *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005).

[41] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

[42] *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

[43] *Engle v. Isaac*, 456 U.S. 107, 129-30 (1982); *see also*, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

review claims that were not entertained by the state court ... due to the petitioner's failure to raise those claims in the state court while state remedies were available...."[44]

To establish "cause" for purposes of overcoming a waiver a petitioner must show that "something *external* to the petitioner, something that cannot fairly be attributable to him[,]" is the reason why the petitioner is now barred from returning to state court.[45] Establishing "prejudice" requires that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[46]

Ineffective assistance of counsel may provide cause to excuse a waiver of claim, but only if the claim of ineffective assistance is itself first fairly presented to and exhausted in the state courts.[47] However, a failure to exhaust state remedies on a claim of ineffective assistance when presented to excuse a waiver may itself be excused from procedural default if the federal habeas petitioner can establish cause and prejudice concerning that claim.[48]

### 3. *Ineffective assistance of counsel*

To establish ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense

---

[44] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 430 (6th Cir. 2006).

[45] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).

[46] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[47] *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003).

[48] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

so as to render the trial unfair and the result unreliable.[49] Both prongs of the test must be met, but a reviewing court need not conduct an analysis under both if one prong has not been established.[50]

In passing on counsel's performance, the federal habeas court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[51] In that regard, the court must evaluate the reasonableness of counsel's performance within the context of the circumstances existing at the time of the purported errors.[52]

To establish the "prejudice" element, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[53] As the Sixth Circuit has held, to determine whether a petitioner was prejudiced by counsel's ineffective assistance a reviewing court must

---

[49] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[50] *Id.* at 697.

[51] *Id.* at 690.

[52] *Id.*

[53] *Id.* at 694.

examine the merits of the petitioner's underlying claim.[54] In that regard, "counsel cannot be ineffective for failing to raise an unsupportable position...."[55]

## Analysis

**A.     Ground one – the alleged failure of the state appeals court to permit a delayed appeal – is a non-cognizable state law claim and should here be dismissed.**

Ward's first claim for relief asserts that the Ohio Appeals Court failed to permit him to file a delayed appeal pursuant to Ohio Appellate Rule 5(A). As such, it states a claim for relief based exclusively on Ohio law,[56] which is non-cognizable in this setting. Although a review of Ward's jurisdictional memorandum to the Ohio Supreme Court reveals that Ward alleged that the appellate court's denial of his delayed appeal had the effect of violating his federal constitutional rights to due process and equal protection,[57] that bare allegation standing alone is not sufficient to convert a state law claim into a federal constitutional one.[58]

---

[54] *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005).

[55] *Foster v. Money*, No. 1:05 CV 1009, 2007 WL 3342725, at *13 (N.D. Ohio November 8, 2007) (citations omitted).

[56] *See*, ECF # 1 at 6.

[57] ECF # 14, Ex. 8 at 2.

[58] *See*, *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). There is no due process requirement inherent in the state following everyone of its own rules and procedures, since to hold otherwise would constitutionalize every state rule and would not be administrable.

Moreover, he does not frame his present habeas complaint as anything other than as an error of Ohio law.[59]

Thus, I recommend finding that Ward's first ground for relief was presented in Ohio courts and here purely as an alleged violation of state law, that no federal rights were implicated in the Ohio court's denial of Ward's motion under Ohio Appellate Rule 5(A), and that ground for relief is non-cognizable in this proceeding and should be dismissed.

**B.  Grounds two and three – alleging that his sentence violated *Apprendi* and *Blakely*, as well as that his attorney was ineffective for not so maintaining – are without merit because (1) those cases do not apply here since Ward received a sentence that did not exceed the statutory guidelines of Ohio law so (2) his attorney cannot be ineffective for failing to argue a non-meritorious point.**

Initially, it is critical to observe that in these grounds for relief Ward combines claims that were presented to the Ohio appeals court in the motion for delayed appeal and claims that were raised for the first time with the Ohio Supreme Court in an attempted appeal from the denial of the delayed appeal. While Ward did attempt to raise before the Ohio appeals court his contentions that (1) his sentence violated *Apprendi* and *Blakely* and (2) that his counsel was ineffective for not raising that issue at sentencing, his argument that counsel did not file a timely appeal based on the alleged *Blakely* violation was raised for the first time in his attempt to obtain review by the Ohio Supreme Court of the denial of his delayed appeal. As a result, this claim concerning counsel's purported failure to file an appeal is technically not exhausted because he did not raise it in one full round of the Ohio appeals process.

---

[59] *Deitz v. Money*, 391 F.3d 804, 809-11 (6th Cir. 2004). Plainly, this holding is why the State has not raised procedural default as a basis for dismissal of Ward's entire petition.

In a situation where the non-exhausted claim is meritless and having the matter heard in state courts would be an exercise in futility, a federal habeas court may excuse the lack of exhaustion and resolve the matter when doing so does not offend federal-state comity.[60]

Here, the central issue of grounds two and three is whether any *Apprendi/Blakely* violation occurred. If not, Ward's counsel cannot be found ineffective for not having objected to the sentence at trial nor for failing to raise this issue on appeal.  In both cases, Ward would suffer no prejudice under the second prong of *Strickland* from counsel not making a groundless argument.

The Supreme Court has held that the rule of *Apprendi/Blakely* – namely, that any fact, other than the fact of a prior conviction, used to increase a penalty above the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt – is simply not implicated when the defendant is sentenced below the statutory maximum.[61]

In Ward's case, he pled guilty to three counts of drug trafficking.  The offense in Amended Count IV of the indictment was a violation of Ohio Revised Code § 2925.03(A)(1)(C)(4)(d), a third degree felony.[62]  The penalty for this offense is one to

---

[60] *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987).

[61] *Harris v. United States*, 536 U.S. 545, 567-69 (2002).

[62] ECF # 14, Ex. 4.

five years in prison.[63] Ward was actually sentenced to one year in prison for this violation – the minimum sentence for this offense.[64]

As to the offense in Count II, this is a violation of Ohio Revised Code § 2925.03(A)(1)(C)(4)(c), a fourth degree felony carrying a potential prison term of six to eighteen months.[65] His offense in Count III was a violation of subsection (a) of the same Revised Code section, a fifth degree felony with a potential prison term of six to twelve months.[66] With regard to these offenses, Ward was actually *conditionally* sentenced to twelve months in prison on Count II – a mid-range sentence – and six months on Count III – the statutory minimum. Both sentences were to be served only if Ward violated the terms of his Community Control sanctions, sanctions which, in turn, were authorized but never imposed.[67]

Thus, the record is clear that Ward received prison sentences well below the statutory maximums on all three offenses to which he pled guilty. On these facts, and in light of clearly established federal law, there is no doubt that Ward's sentences did not violate *Apprendi/Blakely*. Any attempt by his trial counsel to raise such an argument at sentencing would have been unavailing, as would any appeal on that ground.

---

[63] Ohio Rev. Code § 2929.14(A)(3).

[64] ECF # 14, Ex. 4.

[65] Ohio Rev. Code § 2929.14(A)(4).

[66] Ohio Rev. Code § 2929.14(A)(5).

[67] ECF # 14, Ex. 4.

Accordingly, I recommend that grounds two and three of Ward's petition, which rest on the presence of *Apprendi/Blakely* violations in his sentencing, be denied.

**C.    Ground four – a claim that the Ohio decision of *State v. Foster*[68] provides Ward with no effective remedy for imposition of sentences beyond the minimum – should be denied as meritless.**

Ward raises for the first time in his federal habeas petition a claim that a decision of the Ohio Supreme Court permitting severance of any portion of Ohio's sentencing statute requiring factfinding as a means to correct potential *Apprendi/Blakely* violations provides him no remedy. He concedes that he did not raise this argument to Ohio courts, claiming that to have done so would have been futile.[69]

The State argues that this claim, because it was not (1) presented here as a federal constitutional claim, nor (2) previously presented to Ohio courts in any form and is barred from any future presentation by *res judicata*, should be deemed waived, absent any showing of cause and prejudice.[70]

There is no doubt, as Ward himself concedes, that this claim was never first presented to an Ohio court. As such, it is unexhausted. However, as with Ward's previous unexhausted claim, this Court may proceed to consider if the claim has no merit.

In this case, the decision of the Ohio Supreme Court in *Foster* did nothing more than apply the United State Supreme Court holdings of *Apprendi* and *Blakely* to Ohio's sentencing

---

[68] *State v. Foster*, 109 Ohio St. 3d 1 (2006).

[69] ECF # 1 at 11.

[70] *See*, ECF # 14 at 25-26.

-18-

structure.[71]  It appears that Ward may be attempting to argue here that because *Foster* was applicable to "cases pending on direct appeal" at the time it was issued[72] he was improperly denied relief.[73]  However, as has already been discussed, his sentences did not violate any federal constitutional protections afforded by *Apprendi* or *Blakely*.  Thus, Ohio's restriction of *Foster* to pending appeals did no constitutional injury to Ward.

Accordingly, I recommend finding that Ward's fourth ground for relief be denied as clearly meritless.

## Conclusion

For the foregoing reasons, I recommend that Ward's petition for habeas relief be dismissed in part and denied in part.

Dated: August 29, 2008                           s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge


## Objections

---

[71] *See*, *Braithwaite v. Eberlin*, No. 5:06-cv-2937, 2008 WL 2844712, at *7 (N.D. Ohio July 22, 2008).

[72] *Foster*, 109 Ohio St. 3d at 31.  Foster was decided on February 27, 2006.  Ward's delayed appeal was filed August 15, 2005 and denied on October 27, 2005.

[73] *See*, ECF # 1 at 10.

-19-

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[74]

---

[74] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).